IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| ROBERT EARL ROWE<br>83 Braxton Terrace<br>Smyrna, DE 19977<br><br>    Plaintiff,<br><br>    v.<br><br>UNITED STATES OF AMERICA<br>C/O Office of the Attorney General<br>950 Pennsylvania Avenue, NW<br>Washington, DC 20530-0001<br><br>    Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | COMPLAINT<br>18 USC §925A |

**COMES NOW** the Plaintiff, by and through undersigned counsel, and alleges as follows:

## PARTIES

1. Plaintiff, Robert Earl Rowe ("Rowe") is an adult male citizen of the State of Delaware.

2. Defendant United States of America ("USA") is a jural entity.

## JURISDICTION AND VENUE

3. This Court has jurisdiction of this matter pursuant to 28 U.S.C. §§1331, 1346, and 18 U.S.C. §925A since the United States is a Defendant and the case arises under the Constitution and laws of the United States.

4. Venue is proper under 28 U.S.C. §1391(b)(1).

## STATEMENT OF FACTS

5. 18 U.S.C. §922(g)(1) provides that:

"It shall be unlawful for any person-- (1) who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year;
*** 
to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm or ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce.

6. 18 U.S.C. §921(a)(20) provides that:

The term "crime punishable by imprisonment for a term exceeding one year" does not include—

(A) any Federal or State offenses pertaining to antitrust violations, unfair trade practices, restraints of trade, or other similar offenses relating to the regulation of business practices, or
(B) any State offense classified by the laws of the State as a misdemeanor and punishable by a term of imprisonment of two years or less.

What constitutes a conviction of such a crime shall be determined in accordance with the law of the jurisdiction in which the proceedings were held. Any conviction which has been expunged, or set aside or for which a person has been pardoned or has had civil rights restored shall not be considered a conviction for purposes of this chapter, unless such pardon, expungement, or restoration of civil rights expressly provides that the person may not ship, transport, possess, or receive firearms.

7. 18 U.S.C. §925(c) provides, in part, that:

> A person who is prohibited from possessing, shipping, transporting, or receiving firearms or ammunition may make application to the Attorney General for relief from the disabilities imposed by Federal laws with respect to the acquisition, receipt, transfer, shipment, transportation, or possession of firearms, and the Attorney General may grant such relief if it is established to his satisfaction that the circumstances regarding the disability, and the applicant's record and reputation, are such that the applicant will not be likely to act in a manner dangerous to public safety and that the granting of the relief would not be contrary to the public interest…

8. Around 1978, Plaintiff pled guilty to Possession of a Deadly Weapon in San Bernardino, California, and was sentenced to six (6) months' probation. Plaintiff served three (3) months and was granted early discharge and a withdrawal of plea of guilty in August, 1978.

9. Plaintiff's charge was deemed a misdemeanor after the early termination and withdrawal of plea. See Exhibit "A." Section 1203.4 of the California Penal Code, as referenced in this Exhibit, states:

> Every defendant who has fulfilled the conditions of his probation for the entire period thereof, or who shall have been discharged from probation prior to the termination of the period there-of, shall at any time (1) thereafter be permitted by the court to withdraw his plea of guilty and enter a plea of not guilty, the court shall set aside the verdict of guilty; and in either case the court shall thereupon dismiss the accusations or information against such defendant, **who shall thereafter be released from all penalties and disabilities resulting from the offense or crime of which he has been convicted…** (emphasis added).

10. Plaintiff also applied for relief under 18 U.S.C. §925(c), when Congress was funding such mechanism for relief of disabilities, and was granted that relief in 1981. See Exhibit "B."

11. Plaintiff worked as a probation officer in Delaware for over thirty-one (31) years and has since retired. Plaintiff is authorized to carry a firearm under HR 218 (Law Enforcement Officers Safety Act/LEOSA) and has a valid Delaware concealed carry license. Plaintiff is not a prohibited person.

12. In October 2015, Plaintiff attempted to purchase a firearm from a dealer with a Federal Firearms License (FFL) and was denied. Plaintiff appealed the denial from the FBI and requested why he was denied.

13. The Federal Bureau of Investigation, NICS Division, CJIS Division, responded on or about November 4, 2015 that Plaintiff is prohibited under Title 18, United States Code, Sections 921(a)(20) and 922(g)(1). See Exhibit "C."

14. Under 28 C.F.R. § 25.10, the FBI has an obligation to verify the record correction with the originating agency and take all necessary steps to correct the record in NICS. This is not a discretionary duty.

15. On January 20, 2016, USA Today reported that the FBI is halting "the processing of thousands of appeals from prospective buyers whose firearm purchase attempts have been denied."[1]

16. Although the November 4, 2015 letter advises Plaintiff that his "appeal request has been forwarded for further processing," this is an insufficient remedy as the letter plainly states, the "NICS Section is currently processing cases received in **June 2015**." (emphasis added).  See Exhibit "C". Under this scenario, Plaintiff would have to wait over a year while Defendant unlawfully deprives him of his constitutional rights.

17. Regardless of whether NICS is processing appeals or not, Plaintiff has a statutory right under 925A to file this suit to force Defendant to correct its records and transfer the firearm.

## COUNT I

18. Plaintiff incorporates each previous paragraph as if set forth herein again.

19. 18 U.S.C. § 925A provides

> Any person denied a firearm pursuant to subsection (s) or (t) of section 922—
>
> (1) due to the provision of erroneous information relating to the person by any State or political subdivision thereof, or by the

---

[1] http://www.usatoday.com/story/news/nation/2016/01/19/fbi-guns-background-checks/78752774/?siteID=je6NUbpObpQ-BbTAhOhBe3xFjZr6NOLwLQ (last accessed July 23, 2016).

5

national instant criminal background check system established under section 103 of the Brady Handgun Violence Prevention Act; or

(2) who was not prohibited from receipt of a firearm pursuant to subsection (g) or (n) of section 922,

may bring an action against the State or political subdivision responsible for providing the erroneous information, or responsible for denying the transfer, or against the United States, as the case may be, for an order directing that the erroneous information be corrected or that the transfer be approved, as the case may be. In any action under this section, the court, in its discretion, may allow the prevailing party a reasonable attorney's fee as part of the costs.

20. Plaintiff requests that an order issue directing that any erroneous information be corrected and the transfer be approved.

21. Plaintiff also requests that an order issue directing Defendant to issue Plaintiff a UPIN (Unique Personal Identification Number) so future transactions may proceed without delay.

22. Plaintiff also requests his attorneys' fees and costs be awarded to Plaintiff and requests any other relief that he may be entitled to.

**WHEREFORE**, Plaintiff respectfully requests that the Court:

(1) Order Defendant to correct its records on Plaintiff to reflect that he is not forbidden to purchase, receive, or possess a firearm;

(2) Order that Defendant allow the transfer of the firearm;

(3) Order Defendant to issue Plaintiff a UPIN; and

(4) That Plaintiff be awarded his costs and attorney's fees and any other relief he is entitled to.

Dated: <u>July 24, 2016</u>

        Respectfully Submitted,

        ROBERT EARL ROWE

        **/s/ Stephen D. Stamboulieh**
        Stephen D. Stamboulieh
        Stamboulieh Law, PLLC
        P.O. Box 4008
        Madison, MS  39130
        (601) 852-3440
        stephen@sdslaw.us
        DC District Court Bar# MS0009
        *Counsel for Plaintiff*

        Alan Alexander Beck
        Law Office of Alan Beck
        4780 Governor Drive
        San Diego, CA  92122
        (619) 905-9105
        Alan.alexander.beck@gmail.com
        * Pending Admission *Pro Hac Vice*